IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE EXTRADITION     :     5:MJ-08-00109
:
OF MARY BETH HARSHBARGER            :     JUDGE MANNION
*******************************************************************************

EMERGENCY MOTION TO STAY CERTIFICATION
AND ORDER OF COMMITMENT

AND NOW, comes the Defendant, Mary Beth Harshbarger, by and through counsel, PAUL P. ACKOUREY, ESQUIRE and respectfully moves that the Honorable Court issue an emergency 60 day stay of the Certification of Extriditability and Order of Commitment that comprise its Order of March 4, 2009 in the above captioned case, so that he can adequately prepare and file a Habeas Corpus Petition in this matter. In support thereof, it is averred as follows:

1. On December 5, 2008, the United States filed an ex parte complaint and various diplomatic documents on behalf of the Government of Canada seeking the extradition of Mary Beth Harshbarger to Canada for alleged crimes committed in the Canadian province of Newfoundland and Labrador on or September 14, 2006.

2. On January 6, 2009, this court issued a Memorandum & Order directing Ms. Harshbarger to appear before the court on January 16, 2009 pursuant to a summons.

3. Ms. Harshbarger appeared with counsel on January 16, 2009, at which time she was advised of the proceedings against her and released on pretrial supervision conditions pending an extradition hearing scheduled for February 13, 2009.

4.      On February 13, 2009, an extradition hearing was held, at which the court received into evidence the Government's affidavits in support of extradition and heard argument from the parties.

5.      Upon consideration of the evidence, briefs, oral argument, and the law, this court, pursuant to its Memorandum and Order of March 4, 2009, ordered extradition, issuing a Certificate of Extraditability and Order of Commitment.

6.      In certifying the above finding to the United States Secretary of State, as required by 18 U.S.C. §3184, this court further ordered that Mary Beth Harshbarger surrender herself to the custody of the United States Marshal, pending disposition of this matter by the Secretary of State and her transfer to the custody of authorized agents from Canada, "unless such custody, commitment, or transfer is vacated or stayed by court order."

7.      Upon consideration of this Court's extradition decision, the defendant has determined that there are meritorious issues that warrant further review in habeas corpus proceedings and, accordingly, plans to prepare and file a habeas corpus petition under 28 U.S.C. §2241. Said issues include, but are not limited to, the following:

   a.   whether Pennsylvania law or federal law applies in determining what constitutes competent evidence (i.e., is hearsay evidence alone enough or does the constitutional right to confront witnesses in adversarial proceedings warrant more in evidentiary extradition hearings?) to establish a prima facia case for probable cause to extradite, given the divergence of opinion between this court and the United States District Judge in In the Matter of the United States Extradition of Sylvester, 2006 U.S. Dist. Lexis 98131, within the Middle District of Pennsylvania.

   b.   whether the evidentiary facts of the instant case are sufficient to support a prima facia case that there

           is probable cause to believe that the Defendant's' acts constitute "gross negligence", as required by corresponding domestic law of "Involuntary Manslaughter" and Canadian law relating to criminal negligence resulting in death, given this court's acknowledgment that it is a close call and that there is evidence in the Government's affidavits which might indicate that the defendant's shot was neither grossly negligent nor reckless. Memorandum & Order of March 4, 2009 at p. 26.

    c.    whether the Involuntary Manslaughter Statute is unconstitutionally vague as applied to the facts of the Mary Beth Harshbarger's case.

8. In order to prepare the aforementioned petition, the defendant will need to order and review the transcript of the evidentiary extradition hearing which was held on February 13, 2009. As this court pointed out, in its Memorandum & Order of January 6, 2009, "the critical step in the extradition process is the evidentiary hearing before a neutral judicial officer." Memorandum & Order of January 6, 2009 at p. 8. <u>See In Re: Atta</u>, 706 F. Supp. 1032, 105 (E.D.N.Y. 1989).

9. Additionally, as there is a paucity of Third Circuit authority dealing with extradition, the defendant will need time to conduct more extensive research of law from other jurisdictions.

10. Counsel for the defendant has upcoming trial commitments in other cases scheduled for the week of March 16, 2009, which further serve to support his need for the stay requested.

11. Under the foregoing circumstances, it is respectfully submitted that the commitment of Ms. Harshbarger to the custody of the United States Marshal is not necessary at this time. As this court has previously pointed out, she has substantial connections to the local community, is the middle-aged mother of two children, never,

it appears in view of the evidence, even remotely intended to kill her late husband, such that it appears there is little danger of her being a flight risk or a danger to the community. Memorandum and Order of January 6, 2009 at page 12-13. Indeed, her recent appearances at required court proceedings only serve further to support a stay of the Order of Commitment in her case.

12.     Finally, given the delays that have already occurred in the commencement of extradition proceedings in this case, through no fault of Ms. Harshbarger's, it can hardly be said that a further 60 day delay, which would allow her a full opportunity to be heard in this matter, would cause any undue prejudice to the Government of Canada or the United States acting on its behalf.

WHEREFORE, the defendant, Mary Beth Harshbarger respectfully prays that this Honorable Court grant an expedited 60 day stay of the Certification of Extraditability and Order of Commitment issued in this case, so that she might adequately prepare and file a habeas corpus petition under 18 U.S.C. §2241 in the instant matter.

RESPECTFULLY SUBMITTED:

BY:/S/ PAUL P. ACKOUREY, ESQUIRE
PAUL P. ACKOUREY, ESQUIRE
116 NORTH WASHINGTON AVENUE
FIRST FLOOR, SUITE 1-E
SCRANTON, PA 18503
(570) 342-4242   FAX: (570) 342-8382
PA Bar#: 38506
lop45ackourey@epix.net