UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION | ) | 5:MJ-08-109 |
| | ) | |
| OF MARY BETH HARSHBARGER | ) | (Mannion, MJ) |

## GOVERNMENT'S BRIEF OPPOSING EMERGENCY MOTION TO STAY CERTIFICATION AND ORDER OF COMMITMENT

**1. Procedural History**

On December 5, 2008, the United States Attorney's Office for the Middle District of Pennsylvania, at the request of Canada, filed a complaint in extradition and supporting documents. The Canadian government requested the extradition of Mary Beth Harshbarger, who resides in Meshoppen, Pennsylvania, to Canada, under the Treaty on Extradition Between the United States of America and Canada and its amending Protocols, for crimes related to the shooting death of her husband in a Canadian province.

On January 6, 2009, this Court issued a Memorandum and Order directing that Harshbarger appear before the Court on January 16, 2009, pursuant to a summons. She did so and was released on pretrial supervision conditions. The Court scheduled the extradition hearing for February 13, 2009. That extradition hearing was held, at which time the Court received evidence and heard arguments of counsel.

On March 4, 2009, this Court issued an order and certification holding Harshbarger extraditable under 18 U.S.C. § 3184. In issuing this order, the Court found that there is currently in force an extradition treaty between the United States and Canada, the relevant criminal charges constitute extraditable offenses under that treaty, and there is probable cause to believe that Harshbager committed one offense–criminal negligence causing death--for which extradition is

sought.  The Court ordered Harshbarger to turn herself in to the U.S. Marshals on March 13, 2009, to await her return to Canada.

On March 9, 2009, Harshbarger filed an Emergency Motion to Stay Certification and Order of Commitment, requesting that the Court grant a 60-day stay of the Certification of Extraditability and Order of Commitment issued so that she may file habeas corpus petition under 18 U.S.C. § 2241.  The Court ordered briefing on the motion.

I. **A habeas petition has not been filed; thus, a motion to stay before this Court is improper.**

The Court has held a hearing and taken evidence as to the elements necessary to Harshbarger's extradition to Canada.  The Court considered the evidence and the arguments, and issued its opinion certifying to the Secretary of State that the evidence as submitted by Canada is legally sufficient to support a decision to extradite her on the one charge of causing death by criminal negligence under the treaties and laws of the United States.  Under the statutory scheme governing extraditions, having made these findings, the magistrate judge's function is complete. *See* 18 U. S. C.§ 3184; *Sidali v. INS*, 107 F.3d 191, 194-195 (3d Cir.1997) (describing operation of extradition mechanism).  This Court then properly committed Harshbarger to the custody of the United States Marshal, "pending disposition of this matter by the Secretary of State and the arrival of agents from Canada... ."  (Doc. 20.)

The Executive Branch, acting through the President's designee, the Secretary of State, is solely entrusted with the final foreign policy decision to surrender Harshbarger, by issuance of the Secretary's surrender warrant.  18 U.S.C. § 3186. ("The Secretary of State may order the person committed under sections 3184 or 3185 of this title to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged").  This Court's

Certificate of Extraditability provides essential findings of law and fact on which the Secretary might rest her decision, but it does not order or compel any action by the Secretary. She is free to grant or withhold extradition as a matter of diplomatic and foreign policy.  The governments of Canada and the United States have two calendar months to effect the transfer of Harsbarger to Canada.  18 U.S.C. § 3188.  This two-month period would be tolled until the conclusion of any habeas proceedings.  *See Barrett v. United States*, 590 F.2d 624, 626 (6th Cir. 1978); *Liberto v. Emery*, 724 F.2d 23 (2d Cir. 1983) (two-month period does not begin to run until there has been a final adjudication of the extradition request.)

      The next step necessary in the process, then, if Harshbarger wishes to oppose the extradition order, is for Harshbarger to file a habeas petition.  A U.S. Magistrate Judge's determination of extraditability is not itself appealable, the individual may, however, proceed by seeking a habeas writ from the district court, but only on "extremely limited" grounds (whether the magistrate judge had jurisdiction, the offense charged is within the applicable treaty, and there was evidence establishing a reasonable ground to believe the accused is guilty). *Sidali*, 107 F.3d at 195; *Joseph v. Hoover*, 254 F. Supp. 2d 595, 598 (D.V.I. 2003); *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2nd Cir. 1973).  The district court has jurisdiction over any petition for a writ of habeas corpus pursuant to 28 U. S. C.§ 2241(a) and (c)(4).  While Harshbarger's Emergency Motion to Stay Certification and Order requests relief with the anticipation of the filing of petition for habeas corpus, one has yet to be filed.  That petition does not require or depend on any stay of the Certificate of Extraditability, and such a stay is inappropriate.  *See In re Batchelder*, 494 F. Supp. 2d 1302 (N.D. Fla. 2007). (denying motion for stay, application for stay appropriate to district court if habeas petition filed).

      Once the habeas petition is filed, the two-month period would be tolled, because there has

not been a final adjudication based upon a pending habeas petition.  Harshbarger is not entitled to relief from this Court as part of the extradition proceeding, and the motion should be denied.

II. **Harshbarger should be required to turn herself in to the custody of the United States  Marshal on March 13, 2009 as per the Court's March 4, 2009 order since this Court has found extraditability to Canada and 18 U.S.C. § 3184 requires commitment**.

This court has made a finding of extraditability, and having done so, the required course of action, therefore, is to commit Harshbarger to the custody of the United States Marshal, as per the Court's March 4, 2009 order.  Section 3184 permits no other alternative: The Court "shall issue his warrant for the commitment of the person so charged to the proper jail, to remain until such surrender shall be made."  If Harshbarger wishes to challenge the Court's finding of extraditability, the appropriate procedure is for her to file a petition for habeas corpus with the District Court, something that she promises to do but, as of yet, has not done.  *See, e.g.*, *Shapiro v. Ferrandina*, 478 F.2d 894, 901 (2d Cir. 1973).   Harshbarger's commitment is mandated by statute because she has been found extraditable.  Further, the factual landscape has changed so significantly that bail is not an option and no special circumstances exist.  Harshbarger has a strong incentive to flee, particularly when facing extradition on a serious charge.  In the ordinary domestic criminal case, the remedy of forfeiture of bail is available.  By contrast, in an international extradition case where the individual fails to appear, the demanding country has no remedy or compensation. This Court should not grant a stay of her turn-in date of March 13, 2009, and she should be required to be committed to the custody of the U.S. Marshal, as per the Court's Order, and 18 U.S.C. § 3184.

**3. Conclusion**

The Court should deny Harshbarger's Emergency Motion to Stay Certification and Order of Commitment because it is not a proper motion to be considered by this Court, and order that she be remanded into the U.S. Marshal's custody on March 13, 2009, as per the Court's March 4, 2009 Memorandum and Order.

        Respectfully submitted,

        MARTIN C. CARLSON
        UNITED STATES ATTORNEY

            /s/ Christian A. Fisanick
By: _____
    Christian A. Fisanick
    Assistant U.S. Attorney
    Chief of the Criminal Division
    PA ID No. 40360
    (570) 348-2800
    FAX: (570) 348-1908
    Chris.Fisanick@usdoj.gov

Dated: March 11, 2009

**CERTIFICATE OF SERVICE BY ELECTRONIC FILING**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on March 11, 2009, she served a copy of the attached:

**GOVERNMENT'S BRIEF OPPOSING EMERGENCY MOTION TO STAY CERTIFICATION AND ORDER OF COMMITMENT**

by electronic filing on counsel for the defendant.

Paul Ackourey, Esquire


/s/ Donna M. Thomas
_____
Donna M. Thomas
Paralegal Assistant