IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE EXTRADITION   :    5:MJ-08-109
:
OF MARY BETH HARSHBARGER   :    JUDGE MANNION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>BRIEF IN SUPPORT OF EMERGENCY MOTION
TO STAY CERTIFICATION AND ORDER OF COMMITMENT</u>

I. <u>PROCEDURAL HISTORY</u>

. On December 5, 2008, the United States filed an ex parte complaint and various diplomatic documents on behalf of the Government of Canada seeking the extradition of Mary Beth Harshbarger to Canada for alleged crimes committed in the Canadian province of Newfoundland and Labrador on or about September 14, 2006.

. On January 6, 2009, this court issued a Memorandum & Order directing Ms. Harshbarger to appear before the court on January 16, 2009 pursuant to a summons.

Ms. Harshbarger appeared with counsel on January 16, 2009, at which time she was advised of the proceedings against her and released on pretrial supervision conditions pending an extradition hearing scheduled for February 13, 2009.

On February 13, 2009, an extradition hearing was held, at which the court received into evidence the Government's affidavits in support of extradition and heard argument from the parties.

Upon consideration of the evidence, briefs, oral argument, and the law, this court, pursuant to its Memorandum and Order of March 4, 2009, ordered

extradition, issuing a Certificate of Extraditability and Order of Commitment.

In certifying the above finding to the United States Secretary of State, as required by 18 U.S.C. §3184, this court further ordered that Mary Beth Harshbarger surrender herself to the custody of the United States Marshal on March 13, 2009, pending disposition of this matter by the Secretary of State and her transfer to the custody of authorized agents from Canada, "unless such custody, commitment, or transfer is vacated or stayed by court order."

On March 9, 2009, Mary Beth Harshbarger filed an Emergency Motion to Stay Certification and Order of Commitment. That same day, this court issued an Order characterizing the motion as the functional equivalent of a motion for reconsideration under Rule 60(b) and calling for briefs to be filed by the parities by 5:00 p.m. on Wednesday, March 11, 2009.

On March 10, 2009, the court issued an Order indicating that its characterization of Harshbarger's motion as a motion for reconsideration was incorrect and withdrawing its Order fo March 9, 2009. Noting that the local rule contemplating a 10 day period for submission of a brief in support of a motion would have the effect of mooting Ms. Harshbarger's motion as she must surrender herself to the U.S. Marshall on March 13, 2009 under the terms of the court's prior order, the court called for briefs by the parties to be filed with the court on or before 5:00 p.m. on Wednesday, March 11, 2009.

This brief is filed pursuant to the court's order of March 10, 2009.

##   II.   Statement of Facts

Upon consideration of this Court's Memorandum and Order of March 4, 2009,

finding probable cause to believe that Mary Beth Harsharger is guilty of criminal negligence, resulting in death as charged by Canadian authorities and supporting the Court's issuance of the applicable Certification of Extraditability and Order of Commitment in Ms. Harshbarger's case, Ms. Harshbarger, believing she has meritorious issues, determined that she would file a petition for habeas corpus under 28 U.S.C. §2241, reviewing the extradition magistrate's ruling. In order to adequately prepare and file this habeas petition, she has filed a motion with the Court for a 60 day stay of the Certification of Extraditability and Order of Commitment.

The stay is requested so that the transcript of the evidentiary extradition hearing held on February 13, 2009, (only procured today, March 11, 2009), might be carefully reviewed and extradition caselaw, of which there is a paucity within the Third Circuit, might be more extensively researched. In this regard, this Court has stated: "the critical step in the extradition process is the evidentiary hearing before a neutral judicial officer." (Memorandum and Order of January 6, 2009 at p.8.). This Court further noted that its decision in favor of extradition is a product of the record having been "supplemented and clarified by further briefing and <u>oral argument</u>."(Memorandum and Order of March 4, 2009 at p.26., footnote 40.). [emphasis added]

Additionally, Ms. Harshbarger's undersigned counsel has upcoming trial commitments that make this further time period necessary. This brief argues that due process supports the stay requested and that other courts have granted stays in similar contexts.

<u>    III.    ARGUMENT:</u>

        A.      Constitutional due process requires a reasonable stay to allow Ms. Harshbarger adequate time to

>prepare and file a habeas corpus petition under
>28 U.S.C. §2241 in this case.

Due process, as guaranteed by the Firth and Fourteenth Amendments to the United States Constitution, requires that Mary Beth Harshbarger be granted a reasonable stay of the Certification of Extraditability and Order of Commitment that compromise this Court's Order of March 4, 2009. As clearly indicated in her Emergency Motion to Stay Certification and Order of Commitment, filed on March 9, 2009, it is her intention to file a habeas corpus petition under 28 U.S.C.§2241 to review this Court's ruling that extradition to Canada is warranted in her case. She has meritorious claims for the United States District Court to consider. Additional time is needed, however, for procurement and review of the transcript of the evidentiary hearing extradition hearing that was held in this matter on February 13, 2009. Furthermore, given the paucity of the law on extradition concerns within the Third Circuit, more extensive research on case authority from other jurisdictions must be undertaken. These needs are only further complicated by undersigned counsel's upcoming trial commitments.

A Defendant is entitled to collaterally attack an order granting certification for extradition. In re Extradition of Atta, 706 F. Supp. 1032, 1052 (E.D.N.Y. 1989) (in which certification order was stayed for thirty days on condition that Defendant file a petition for a writ of habeas corpus within that time period. Id.) It is, furthermore, appropriate that a judge that has acted as an extradition magistrate recuse himself as judge in a habeas corpus proceeding that reviews his exercise of authority as an

extradition magistrate. See Id. Extradition stays have been liberally granted for habeas corpus proceedings when meritorious claims of constitutional rights' violations have been presented, even where the habeas corpus petitions are ultimately unsuccessful. See Nitakirutimana vs. Reno, 184 F.3d 419, 430 (5th Cir. 1999) (where a constitutional challenge to extradition by statute rather than treaty proved unsuccessful and where the stay of extradition was lifted.); See United States vs. Lui Kim-Hong, 110 F.3d 103, 120 (1stCir. 1997) (where the appellate court stayed the certification of extraditability for 14 calendar days to allow the Defendant to seek relief from the United States Supreme Court even though the court held that the facts of the case did not present a serious constitutional issue of denial of due process); See Atuar vs. United States, 156 Fed. Appx. 555, 559 (4th Circuit 2005) (where the magistrate judge issued a stay of the certification to enable Defendant to file a petition for a writ of habeas corpus within thirty days of the court's memorandum opinion and where it is claimed that due process had been violated by the introduction of the coerced testimony of a co-defendant at the petitioner's extradition hearing). Among the federal courts of appeal, only the Ninth Circuit appears to require a stringent test for granting stays in the context of habeas corpus proceedings, to wit: 1) a demonstration of the probability of success on the merits and irreparable injury; and 2) that the petitioner raises serious legal questions and the balance of hardships tip in his favor. Artukovic vs. Rison, 784 F.2d 1354, 1355-56 (9th Cir. 1986).

     Even under the Ninth Circuit test, it is submitted that Mary Beth Harshbarger's case qualifies for a stay of the certification of extraditability. The United States District Court for the Middle District of Pennsylvania has held in In re United States Extradition

of Sylvester, 2006 *U.S. Dist. Lexis 98131*, motion for reconsideration denied at 2006 U.S. Dist. Lexis 20177 (M.D. Pa. 2006) that presentation of hearsay evidence alone at an extradition hearing is legally insufficient under Pennsylvania Law to establish probable cause that the Defendant committed the subject offenses. In Sylvester, the district court found that Article 10 (1) of the extradition treaty between Canada and the United States is controlling in regard to what constitutes competent evidence for the finding of probable cause. It found Pennsylvania Law to be plainly applicable, noting that the treaty specifically states that the evidence must be "sufficient" to bind the accused over for trial "according to the laws of the place where the person sought shall be found." Sylvester, the Defendant, was found in Pennsylvania just as Mary Beth Harshbarger has been found in Pennsylvania.

The district court in Sylvester cited Commonwealth vs. Buchanan, 525 Pa. 413, 581 A.2d 172 (1990), for the proposition that the Superme Court of Pennsylvania has held that an accused cannot be bound over for trial if hearsay evidence is the only type of evidence presented against him at the Preliminary Hearing In that context, it noted that the government hears the burden of establishing a prima facie case by legally competent evidence. Presenting "rank" hearsay solely at a Preliminary Hearing is violative of an accused's rights to "confront witnesses and explore fully their testimony through cross-examination." 525 PA. at 419.

Applying the district court's reasoning in Sylvester to the Ninth Circuit test for granting a stay of extradition, it is clear that the government, relying as it did entirely on hearsay evidence at the extradition hearing of Mary Beth Harshbarger, cannot hope to have succeeded on the merits in establishing probable cause. Here

procedural law is inextricably woven with substantive law. Given the incompetent evidence presented by the government, Ms. Harshbarger, on the other hand, emerges with a probability of success on the merits. A ruling to the contrary would create nothing short of irreparable injury, as it would separate her from her young children and expose her to the possibility of a mandatory four year imprisonment sentence in Canada let alone a life maximum. Does this not raise serious legal questions? In this context, can the balance of hardships tip anywhere else but in her favor? Yes to the first question. No to the second. Indeed.

      The Third Circuit has little, if any, law to offer on the issue of granting or denying stays of orders certifying extraditability to the United States Secretary of State. The weight of available authority lies with the circuits who have a more liberal policy in this regard, and Ms. Harshbarger's case, it is submitted, would pass muster even under the more severe Ninth Circuit test. Such a conclusion is only bolstered when one takes into account that the extradition court in the immediate case has the authority of a United States Magistrate Judge whereas the court presiding in <u>Sylvester</u> had the higher authority of a United States District Judge. <u>See Hatcher vs. Carey, et al.</u>, 2006 U.S. Dist. Lexis 74050 (E.D. CA. 2006) (where the District Court in reviewing a Magistrate Judge's decision states: "the Magistrate Judge's sole justification for recommending that habeas relief be denied rests with his deference to the Court's decision..." The current scenario begs the question: Can this Court, as extradition magistrate, ignore and\or disagree, in any authoritative manner, with the District Court's holding in <u>Sylvester</u>?

If it is this Court's position that it is beholding, not to the District Court Judge's holding in <u>Sylvester</u>, but to the higher authority of the United States Court of Appeals for the Third Circuit as pronounced in <u>Hoxha vs. Levi</u>, 465 F.3d 554, 560-61 (3rd Cir. 2006), are we on all fours? <u>Hoxha</u>, after all, never addresses <u>Sylvester</u>, when it states as follows:

> The probable cause standard applicable to an extradition hearing is the same as the standard used in federal preliminary hearings. Thus, the magistrate (judge's) role is "to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction." A judge may rely on hearing evidence in considering whether probable cause is satisfied. <u>In re A.M.</u>, 34 F.3d 153, 161 (3rd Cir 1994).

When we say a judge may rely on hearsay evidence in considering whether probable cause is satisfied, are we saying that we may rely on hearsay evidence exclusively, contrary to Pennsylvania Law? Did <u>Hoxha</u> even consider the question of what might be considered competent evidence? Is <u>Hoxha's</u> consideration of the United States extradition treaty with Albania interchangeable with <u>Sylvester's</u> examination of the United States extradition treaty with Canada? It is submitted that, in Mary Beth Harshbarger's case, the United States District Court Judge's opinion in <u>Sylvester</u> cannot be ignored. Indeed, it must be followed.

Even if the hearsay evidence presented at Ms. Harshbarger's extradition hearing was deemed competent evidence, it's ability to establish a <u>prima facie</u> case of probable cause to believe that she is actually guilty of the gross negligence called for in

the Canadian law regarding criminal negligence resulting in the death and the corresponding American law embodied in involuntary manslaughter is marginal at best Upon review of the Canadian affidavits offered to support extradition, this Court initially opined that they offered no factual claims to support finding any such heightened mens rea" that would amount to "show[ing] wanton or reckless disregard for the lives or safety of other persons." Memorandum and Order of January 6, 2009 at p.4. The Court went on to say the following:

> At most, a fair reading of the affidavits suggests mere tortious negligence, if even that one might even fairly constitute the affidavits to suggest that all that happened was a horrific constellation of unfortunate facts, not even amounting to tortious negligence. In this respect, the government's finding and the Canadian government's affidavits in support of their request for extradition are distinctly odd.

Id.

Remarkably, this Court, in its Memorandum and Order of March 4, 2009, does a 180° turnaround and declares "[u}pon close and searching review of the written affidavits, the Court is compelled to find that the Government has put forward sufficient evidence to establish probable cause." [emphasis added] Id. At p. 23. Acknowledging that this conclusion appears "in some tension" [emphasis added] with its preliminary view, the Court, notes, without specification, that "[s]ince that time, the record has been supplemented and clarified by further briefing and oral argument." Id. at [/ 26, footnote 40.

While the Court cites eight evidentiary facts that, in its opinion, "put forward sufficient evidence to establish probable cause," Id. at pp 23-25, it is to be noted that these facts were present from the very beginning of this extradition matter and are facts that could support a lack of probable cause equally as well as this Court finds the opposite. Further, there are many other evidentiary facts supporting the insufficiency of the government's case that the Court fails to mention, all of which would be discussed in great detail in the context of the anticipated §2241 habeas corpus proceeding for which Ms. Harshbarger now requests a stay of extradition.

    B.  Ms. Harshbarger's rights under the Equal Protection Clause of the United States Constitution require a reasonable stay to allow for her anticipated habeas petition.

Incorporating by reference the discussion of In re United States Extradition of Sylvester, supra, it is respectfully submitted that Ms. Harshbarger's equal protection rights are implicated by the prospective extradition now in place. Both Sylvester and Ms. Harshbarger have been subject to the extradition treaty between Canada and the United States. They are similarly situated although, it is submitted, Ms. Harshbarger's alleged offense is far less than the rape and kidnapping Mr. Sylvester was accused of. The prospect of Ms. Harshbarger being extradited when Mr. Sylvester was found not to be extraditable is a matter that should be addressed in light of the equal protection right embodied in the Fourteenth Amendment to the United States Constitution.

    C.  The element of gross negligence required by the corresponding Canadian and American

>offense statutes are unconstitutionally vague as applied to Ms. Harshbarger's conduct.

Given that the fatal shot Ms. Harshbarger fired was fired at a time permissible by virtue of Canadian hunting laws serves to undermine any characterization of her conduct as "wanton and reckless."  This characterization is only further undermined by the fact that she and her husband exercised the care of enlisting the assistance of a licensed Canadian hunting guide for their hunting trip to Canada. Tragically, the fact that her husband wore dark clothing in the darkening hours of the day was a contributing factor in this unfortunate event, a factor that might have been imprudent on her husband's part, but again was not outside the scope of Canadian hunting law It is extremely difficult, at best, to find her conduct grossly negligent when it existed within the permissible letter of the law. It is submitted that the court's first view of her conduct has a great deal of merit. One must ask to what extent should she have recognized that her conduct was proscribed by the law she is now being subject to.

It is submitted that the law in question is unconsistitionally vague as applied to her acts, which raises a meritorious question of the court's jurisdiction in her case.

CONCLUSION:

For all the reasons cited above, it is respectfully submitted that Ms. Harshbarger's Emergency Motion for Stay of Certification and Order of Commitment should be granted.

RESPECTFULLY SUBMITTED:

```
                                    BY:/S/ PAUL P. ACKOUREY, ESQUIRE
_____            116 NORTH WASHINGTON AVENUE
                                        FIRST FLOOR, SUITE 1-E
                                        SCRANTON, PA 18503
                                        (570) 342-4242 FAX: (570) 342-8382
                                        PA BAR#: 38506
_____            lop45ackourey@epix.net
```