**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

:

**IN THE MATTER OF THE** : **CRIM. NO. 5:08-MJ-00109**
**EXTRADITION OF**
**MARY BETH HARSHBARGER** : **(MANNION, M.J.)**

:

**MEMORANDUM AND ORDER**

**I.   FACTS AND PROCURAL BACKGROUND**

Because the parties are familiar with the facts of this extradition case, the Court recites only the most recent factual developments for the purposes of this opinion.

This Court held the statutory extradition hearing on February 13, 2009. *See* 18 U.S.C. § 3184. On March 4, 2009, in a written memorandum and order, Doc. No. 19, this Court held that the defendant was extraditable. The Court ordered defendant to surrender herself to the United States Marshal on or before March 13, 2009. *See, e.g.*, In the *Matter of Assarsson*, 670 F.2d 722, 723-24 (7th Cir. 1982) (noting that the committing magistrate judge ordered extradition, issued a commitment order on October 20, 1978, and directed the United States Marshal to take Assarsson into custody by November 8, 1978); *In the Matter of Assarsson*, 635 F.2d 1237 (7th Cir. 1980) (same). Additionally, on March 4, 2009, this Court issued a Certification of Extraditability and Order of Commitment, and directed the clerk to issue a

certified copy to the Government. (Doc. No. 20.)

On March 9, 2009, Mary Beth Harshbarger filed a motion titled "Emergency Motion to Stay Certification and Order of Commitment." (Doc. No. 21.) Defendant seeks a 60 day stay of this Court's extradition and commitment order and of the certification of extraditability, purportedly, to allow counsel to prepare and file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 21). Because much, if not all, of the relief sought by defendant would become moot by the mere passage of time, this Court ordered the parties to brief the motion by 5:00 p.m. March 11, 2009. (Doc. No. 22 & Doc. No. 23.) This memorandum and order follows.

After considering the submissions of the parties, statutory authority and case law, the Court, for the reasons elaborated below, will **DENY** the motion for a stay, without prejudice to re-filing it with an appropriate petition for writ of habeas corpus. Additionally, the Court will order a short continuance of the surrender date to allow the defendant to file the aforementioned action.

## II.   LEGAL ANALYSIS

As this Court noted in its previous opinion:

Under Section 3184, *after* the evidentiary hearing, if the Court determines that "the evidence [is] sufficient to sustain the charge," then the judicial officer "shall issue his warrant for the commitment of the person." 18 U.S.C. § 3184 (emphasis added). In that situation, the statute uses the mandatory "shall." *See* 35 C.J.S. § 55 (1999) (explaining that in these circumstances "[i]t is the statutory duty of the [judicial officer]" to issue a warrant).

2

(Doc. No. 6). Thus, not only does the statute require the commitment of the defendant after a finding of extraditability, but defendant was on express notice from *this* Court in *this* litigation that should the Court find the defendant extraditable, commitment would be ordered. In other words, defendant has had more than two full calendar months to research and discover that she would have to file a collateral attack on a commitment order through habeas proceedings, if she was certified for extradition, as opposed to making an application to this Court. In light of this history, defendant's rationale for a 60 day stay seems forced, at best. She has already had 60 days to prepare.[1] Defendant also suggests that a stay is in order "so that the transcript of the evidentiary extradition hearing held on February 13, 2009, (only procured today, March 11, 2009), might be carefully reviewed ...." Defendant's Brief in Support of Emergency Motion to Stay Certification and Order of Commitment at 3. (Doc. No. 26.) However, the docket indicates that the Court reporter's notes were filed the day of the February 13, 2009 hearing. (Doc. No. 18.) The defendant could have ordered a transcript that day, as did the court.[2] There was no reason for having waited until March 11, 2009 to order or receive a transcript.

---

[1] Defendant has presently had from January 6, 2009, the date this Court issued its first Memorandum and March 9, 2009.

[2] In fact, the Court received the completed transcript on February 17, 2009.

Moreover, the Court is aware of no well-reasoned case or other legal authority permitting any judicial officer to stay its prior commitment order, except in relation to a filed petition for a writ of habeas corpus. Any such action, without a habeas filing, appears contrary to the plain terms of the statute. Defendant cites a handful of cases for the contrary proposition, however, several of these cases are in the habeas context. *See Ntakirutimana v. Reno,* 184 F.3d 419, 423 n.7, 430 (5th Cir. 1999) (stay of extradition imposed and lifted by federal circuit court on appeal from habeas proceeding); *United States v. Kin-Hong,* 110 F.3d 103, 120 (1st Cir. 1997) (stay granted by court of appeals hearing an appeal of a grant of habeas);[3] *Artukovic v. Rison,* 784 F.2d 1354 (9th Cir. 1986) (stay adjudicated in habeas context). These cases are simply not on-point.

Finally, in two cases cited by defendant, a magistrate judge adjudicating an extradition proceeding issued a stay, but no reasoning was given indicating the source of the court's authority, or if the point was contested, briefed, or litigated by the parties. *See In re Extradition of Atta,* 706 F. Supp. 1032, 1052 (E.D.N.Y. 1989); *In the Matter of Atuar,* 300 F. Supp. 2d 418, 435-36 (S.D. W. Va. 2003) (granting relief in the form of a stay where the relator asked for the stay at the extradition hearing <u>prior</u> to the Court's issuing the Certification of

---

[3] *See also Kin-Hong v. United States,* 926 F. Supp. 1180, 1184 (D. Mass. 1996) (converting movant's motion to a habeas proceeding, and then granting bail), *rev'd on other grounds,* 83 F.3d 523 (1st Cir. 1996).

Extraditability). Such case law is not without value, but it cannot support relief when the plain terms of the statute seem to squarely preclude the Court from granting the relief sought.

Furthermore, the legal authority and arguments put forward by defendant are almost entirely duplicative of their prior filings before this Court.[4] Given the repetitious character of the arguments and legal authority, defendant has already had a substantial opportunity to prepare a habeas filing (in conjunction with a motion for a temporary restraining order or preliminary injunction with or without a motion for bail). Indeed, even now defendant can file a writ of habeas corpus and request her motion for stay be heard on an emergency basis. Clearly a federal court with habeas jurisdiction is in a position to consider and/or grant the relief sought. *See Wright v. Henkel*, 190 U.S. 40, 62-63 (1903).

At a more substantive level, Defendant's reliance on *Sylvester*, *infra* note 5, is clearly misplaced. *Sylvester* adjudicated extradition where under the

---

[4] The one new legal argument put forward by defendant is that the federal manslaughter statute is "unconstitutionally vague as applied to the facts of this" case, Doc. No. 21 at 3, a position seemingly contrary to that of counsel at oral argument when he agreed that 18 U.S.C. § 1112 was the appropriate statute under the dual criminality standard. *See* Doc. No. 24 at 15. Leaving aside the question of whether or not defendant is likely to prevail on this position, nothing prevented defendant from having done the necessary legal research in advance or prepared in advance the necessary habeas filings. Arguments grounded in void for vagueness reasons are hardly novel or peculiarly difficult to prepare in advance.

5

dual criminality standard the coordinate domestic crimes arose under state (Pennsylvania) law. Here, by contrast, the coordinate crime arose under federal law. Given this distinction, the Court has no reason to apply Pennsylvania law in regard to the sufficiency of the evidence at the commitment stage or the propriety of relying on hearsay evidence. *See* Defendant's Brief in Support of Emergency Motion To Stay Certification and Order of Commitment at 6-9, 10. (Doc. No. 26.). It goes without saying that if *Sylvester* is inapposite, as the Court has held, then it does not matter whether the defendant frames her argument or claim in terms of due process, *id*. at 6-9, or in terms of equal protection, *id.* at 10. Indeed, both courts of appeals and the Supreme Court of the United States have opined on this precise question. *See Collins v. Loisel,* 259 U.S. 309, 317 (1922) (Brandeis, J.) ("Thus, unsworn statements of absent witnesses may be acted upon by the committing magistrate [judge], *although they could not have been received by him under the law of the state on a preliminary examination*.") (emphasis added); *United States v. Kin-Hong,* 110 F.3d 103, 120 (1st Cir. 1997) ("The evidence [at an extradition hearing] may consist of hearsay, even entirely of hearsay.").

As this Court is at pains to make clear, the Court's action here is governed by statute. Section 3184 requires, upon making a finding of extraditability, that the court issue a "warrant for the commitment of the person so charged." The statute does not expressly require the Court to order

6

the commitment to take place immediately, or at the first possible instant. This Court did not do so here because it believed the interests of justice required giving the defendant a fair opportunity to file an appropriate petition for writ of habeas corpus. Other courts have also done the same. *See, e.g.*, *In the Matter of Assarsson*, 670 F.2d 722, 723-24 (7th Cir. 1982) (noting that the committing magistrate judge ordered extradition, issued a commitment order on October 20, 1978, and directed the United States Marshal to take Assarsson into custody by November 8, 1978). Nor does this Court lack authority to reconsider a prior order[5] or to offer bail, even after making a finding in favor of extradition.[6] Thus, although this Court has no power to issue

---

[5] The Government argues that once this Court made its findings in regard to extradition its "function is complete" and no further relief may be had before this Court. *See* Government's Brief Opposing Emergency Motion to Stay at 2. (Doc. No. 25.) The Government's position is puzzling, especially in light of the fact that it cites *Sidali v. INS*, 107 F.3d 191 (3d Cir. 1997) (Mansmann, J.), as authority. In *Sidali*, the magistrate judge adjudicated a motion to reconsider after finding sufficient evidence to order extradition. *Id*. at 195; *see also In the Matter of the United States of America Extradition of Alexander Winston Sylvester*, 4:05-CR-0490 (M.D. Pa. Feb. 14, 2006) (Jones, J.) (denying extradition, and applying Pennsylvania state law where the United States sought extradition of a prisoner incarcerated in Pennsylvania on behalf of the government of Canada), *reconsideration denied*, 2006 WL 860945 (M.D. Pa. Mar. 29, 2006) (denying reconsideration sought by the government).

[6] *See Wright v. Henkel*, 190 U.S. 40, 62-63 (1903) (Fuller, C.J.); *United States v. Williams*, 611 F.2d 914 (1st Cir. 1979) (noting that authority to grant bail extends to pre- and post- extradition hearing phases). One treatise states that even after reaching a finding of extraditability, a magistrate judge may grant or continue extant bail. *See* MICHAEL ABBELL, EXTRADITION TO AND FROM

a stay, this Court sees no reason precluding it from modifying its prior order and changing the surrender date in order to allow the defendant a short continuance to file her habeas action. The Government suggests that the factual landscape has changed, in that the defendant now has a "strong incentive to flee." Government's Brief at 4. (Doc. No. 25.) But if that is true, it has been true since the Court issued its prior opinion and continued the conditions of release until the March 13, 2009 surrender date. Yet, no such flight has occurred.

The Court, therefore, will not grant a stay. However, because the failure to file a habeas action does not inure to the detriment of counsel, but rather to Mrs. Harshbarger, the court, in the interest of justice will order, consistent with Section 3184's mandatory requirements, that the defendant surrender on or before 3:00 p.m. on March 20, 2009 unless otherwise ordered in a habeas proceeding.

---

THE UNITED STATES *Release on Bail After Commitment for Extradition* § 2-2(20), at 2-28 to 2-29 (2008) (noting that "extradition magistrate[] [judges] in a significant number of cases have granted bail to requested persons – particularly in cases in which such persons were granted bail pending their extradition hearings.") (collecting case law).

8

## III. CONCLUSION

For the reasons elaborated above, the motion for a stay is **DENIED** without prejudice to re-filing it with an appropriate petition for a writ of habeas corpus. However, in the interest of justice, the Court will order a short continuance of the surrender date, until **March 20, 2009**, to allow the defendant to file the aforementioned action.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE: March 12, 2009**

O:\shared\MEMORANDA\2008 MEMORANDA\08-mj-00109-03.wpd